**John David CASTLE, Plaintiff–Appellant,**

v.

**Kevin A. SPEESE; Attorney General of the United States, Defendants–Appellees.**

**No. 09–16379.**

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2011.*

Filed June 27, 2011.

John David Castle, pro se.

Roger Wenthe, Esquire, Office of the U.S. Attorney, Las Vegas, NV, for Defendant–Appellee.

---

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

MEMORANDUM **

John David Castle appeals pro se from the district court's judgment dismissing his action alleging claims under the Federal Tort Claims Act ("FTCA") and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). *Brady v. United States,* 211 F.3d 499, 502 (9th Cir.2000); *Fink v. Shedler,* 192 F.3d 911, 913–14 (9th Cir.1999). We affirm.

The district court properly dismissed Castle's *Bivens* claim against defendant Speese for failure to state a claim because Castle filed this action after the applicable two-year statute of limitations expired. *See* Nev.Rev.Stat. § 11.190(4)(e); *Van Strum v. Lawn,* 940 F.2d 406, 408–10 (9th Cir.1991) (personal injury statute of limitations under state law applies to *Bivens* claims). Castle failed to allege facts to establish a basis for tolling of the limitations period. *See* Nev.Rev.Stat. § 11.250 (listing grounds for statutory tolling); *Seino v. Employers Ins. Co. of Nevada,* 121 Nev. 146, 111 P.3d 1107, 1112 (2005) (discussing equitable tolling); *see also Pesnell v. Arsenault,* 543 F.3d 1038, 1043 (9th Cir.2008) (tolling provisions under state law apply to *Bivens* claims).

The district court properly dismissed Castle's FTCA claim for lack of subject matter jurisdiction because Castle failed to exhaust his administrative remedies before filing this action. *See* 28 U.S.C. § 2675(a); *Brady,* 211 F.3d at 502. Castle's remaining contentions, including those concerning the Alien Tort Statute, are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provid-ed by 9th Cir. R. 36–3.